1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,

12                              Plaintiff,

13   v.

14   JACINTO VICTOR ALVAREZ,

15                              Defendant.

16

Case No.:  3:19-CR-05093-LAB

**ORDER RESOLVING JOINT CONTESTED MOTION FOR RECONSIDERATION OF DETENTION ORDER**

**[ECF No. 49]**

17         Before the Court is Defendant Jacinto Victor Alvarez' ("Defendant") Motion for

18   Reconsideration of Detention Order. ECF No. 49. Defendant is charged with attempted

19   unlawful entry by an alien and attempted reentry of removed alien in violation of 8 U.S.C.

20   § 1326(a) and (b). ECF No. 1. At Defendant's Initial Appearance on December 19, 2019,

21   Defendant was ordered detained based on a detention order filed in related case no.

22   19CR04869-LAB. ECF No. 6. Following a hearing in the related case on November 8,

23   2019, the Court found by a preponderance of the evidence that there is a serious risk

24   Defendant would flee if released pending trial, and that no condition or combination of

25   conditions of release would reasonably assure Defendant's appearance as required. ECF

26   No. 51, Ex. 1. The Court found that the following factors weighed in favor of detention:

27   the weight of the evidence is strong, although that is the least important factor; prior

28   criminal history; lack of stable employment; lack of financially responsible sureties; and

1  lack of legal status in the United States.

2  Defendant now seeks reconsideration of the Court's Order of Detention Pending

3  Trial (ECF No. 49), and requests that the Court set pretrial release conditions including a

4  $5,000 cash or corporate surety bond and permission to reside in a halfway house. ECF

5  No. 49 at 20. The Defendant seeks relief under both 18 U.S.C. § 3145(b) and 18 U.S.C.

6  § 3142(i). The Government opposes. ECF No. 51.

7  The Court finds that this matter is suitable for determination without a hearing.

8  *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020);

9  *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020)

10  (no requirement to hold a hearing on request for reconsideration of order of detention).

11  **I.      Summary of Positions**

12  Defendant argues that conditions of pretrial release should be set for the foregoing

13  reasons. Defendant is 55 years old and currently housed at the Otay Mesa CoreCivic

14  Detention Center ("OMDC"). Defendant is a widower and has no known family members

15  in the United States, except for a step-grandson who is awaiting sentencing for the murder

16  of Defendant's wife. There are at least 177 confirmed COVID-19 cases at OMDC,

17  including 25 staff members, 94 immigration detainees, and 58 United States Marshal

18  Service detainees. The entire facility at OMDC is under quarantine. Defendant argues that

19  he should be granted pretrial release because of concerns that he will be infected by

20  COVID-19.

21  The Government argues that reconsideration is not warranted because there has been

22  no change to the factors that supported detention based on a serious risk of flight.

23  Defendant's concerns about COVID-19 are general, and he does not claim a medical

24  condition that would make him more susceptible to COVID-19, or less likely to recover in

25  the case of infection. The Government also notes Defendant's criminal history, which

26  includes convictions between 2006 and 2008 for negligent assault, driving under the

27  influence, and assault on a police officer; and immigration offenses between 2008 and

28  2017, including multiple deportations and convictions for illegal entry. The Government

1  further contends that the COVID-19 pandemic does not warrant release given the steps

2  taken at OMDC and other facilities to minimize the risk of COVID-19 transmission.

3  **II.    Analysis**

4  As an initial matter, the Court recognizes that the COVID-19 pandemic presents

5  significant public health concerns. COVID-19 does not, however, change the nature of the

6  individualized analysis that the Court must conduct under the Bail Reform Act. *See United*

7  *States v. Villegas,* No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020)

8  ("No matter the heightened risks intrinsic to prison populations as a matter of public health,

9  the Court has no authority as a matter of law to permit pretrial release under the Bail

10  Reform Act just because of the current pandemic's generic risks."). Defendant argues that

11  a recent order by the Honorable Dana M. Sabraw in a case brought by immigration

12  detainees housed at OMDC requires that the facility "start to release all medically

13  vulnerable immigration inmates." ECF No. 49 at 19. This is not an accurate reading of

14  Judge Sabraw's order. The order only applies to immigration detainees over age 60 who

15  have medical conditions that place them at heightened risk of severe illness or death from

16  COVID-19. Defendant is not within any of these categories. Moreover, Judge Sabraw did

17  not order a blank release of immigration detainees in those categories. Instead, he ordered

18  the Government to review the circumstances of each detainee in those categories and

19  determine whether they should be released "after considering [their] health, public safety,

20  and mandatory detention requirements, with appropriate conditions to protect the public,

21  and [their] health, safety, and well-being." This type of individualized analysis is consistent

22  with the individualized review required under the Bail Reform Act in this case, and does

23  not support blanket release of detainees because of COVID-19.

24  The Court is not persuaded that the new circumstance of the COVID-19 pandemic

25  outweighs the factors supporting detention in this case. Defendant has no significant ties

26  to the United States, and he has a lengthy criminal history. Defendant has not presented

27  any evidence to dispute the Court's prior findings that his lack of stable employment and

28  criminal history weigh in favor of detention. Defendant's request for reconsideration under

3:19-CR-05093-LAB

1 | 18 U.S.C. § 3145(b) is **DENIED**.

2 | With respect to the request for temporary release under 18 U.S.C. § 3142(i), that

3 | provision allows for temporary release from custody if "necessary for preparation of the

4 | person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Defendant argues

5 | that he should be released because of general concerns regarding potential transmission of

6 | COVID-19. The Court finds that these general concerns do not present a compelling reason

7 | under section 3142(i) for temporary release. Defendant's request for temporary release

8 | under 18 U.S.C. § 3142(i) is **DENIED**.

9 | **IT IS SO ORDERED.**

10 | Dated:  May 7, 2020

11 | _____
Honorable Allison H. Goddard

12 | United States Magistrate Judge

4