**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JACINTO VICTOR ALVAREZ,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 19cr5093-LAB<br><br>**ORDER DENYING MOTION TO SET ASIDE DETENTION ORDER AND SET CONDITIONS OF RELEASE [Dkt. 58]** |

  Jacinto Victor Alvarez was arrested on November 4, 2019, while allegedly attempting to enter the United States illegally after being previously deported.  At a bond hearing held November 4, 2019 before Magistrate Judge Allison Goddard, the prosecutor informed Judge Goddard that Alvarez has no legal status in the United States and that he had recently been removed from the country on December 27, 2018.  The prosecutor also informed the judge that Alvarez had been deported on five prior occasions, that he had previously suffered two convictions under 8 U.S.C. § 1326, for which he had served sentences of 21 and 24 months, and that he served 120 days after suffering a third conviction under 8 U.S.C. § 1325 in 2016.  Based primarily on these factors, the prosecutor moved for Alvarez's detention.

  In opposition to the government's motion, counsel for Alvarez stated that he had lived in the United States for "many years," although she did not contend that he had resided here legally.  Counsel also informed Judge Goddard that the defendant's wife resided in Ohio and that he had a niece in Arizona.  She proposed that either or both of these relatives could

be "potential" sureties, although she offered no assurances that either knew Alvarez had once again been arrested or had indicated a willingness to serve as a surety for his release.

In considering the government's detention motion, Judge Goddard concentrated on whether the defendant's release posed a risk that he would flee. She found that it would, given that the weight of the evidence was "strong," and that the likelihood of conviction "provide[d] some incentive [for Alvarez] to flee to avoid custody." The judge also considered Alvarez's criminal record. Besides his immigration offenses, his record included convictions for "assault, assault on a police officer, and driving under the influence." Finally, Judge Goddard noted the obvious: Alvarez has no legal status in the United States and no stable employment here.

Without evidence or even a proffer that reasonable conditions of release could be set, or that Alvarez could meet them, Judge Goddard refused to set a monetary bond and granted the government's motion to detain him. Her determination was proper. Imposing a bond in these circumstances would have run afoul of 18 U.S.C. § 3142(c)(2), which states that a "judicial officer may not impose a financial condition that results in the pretrial detention of the person." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). The Ninth Circuit has held that this provision is designed to "prevent the practice of de facto preventative detention, where a judge could in effect issue a detention order without a proper finding of risk of flight . . . by granting bail but setting an exorbitant financial condition that the defendant could not meet." *United States v. Fidler*, 419 F.3d 1026, 1028 (9th Cir. 2005).

Alvarez now argues that the clear and convincing evidence standard should apply to the decision whether to detain him, citing a single judge's dissent in a 35-year-old case. Both the text of the Bail Reform Act and the Ninth Circuit's consistent precedents refute the argument. "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

This Court's review of bond conditions set by a Magistrate Judge is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions which will reasonably assure the defendant's presence at trial and other proceedings. These include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged. *See* 18 U.S.C. § 3142(g).

The thrust of defendant's argument for reducing the $20,000 bond set by Magistrate Judge Goddard is that the spread of the COVID-19 virus through detention facilities where federal detainees are being held has created a greatly increased risk of infection among detainees. As did Judge Goddard, this Court acknowledges the increased danger posed by the virus. But while the risk of infection is an important factor to consider during this period of pandemic, the possibility of exposure to the virus doesn't dispense with the Court's obligation to consider other relevant factors set forth in § 3142.

Here, the defendant is charged with a serious offense – one that will subject him to a substantial sentence if he pleads guilty or is convicted by a court or jury given that he has been previously convicted three times of immigration offenses.

According to the government, the weight of the evidence against the defendant is strong. The government proffers that the defendant was apprehended just north of the border fence and east of Tecate, California. During post-detention questioning, he allegedly admitted that he was a citizen of Mexico who was in the United States illegally. Before his arrest, the defendant had been deported numerous times. Although the weight of the evidence is to be given the least weight among the § 3142 factors, *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990), this Court agrees with Judge Goddard's conclusion that the evidence against the defendant is strong, and the likelihood of his conviction provides an incentive to flee.

Concerning the history and characteristics of the defendant, the Court is informed that he is a 54-year-old citizen of Mexico who has no legal right to be in the United States. While defense counsel believed at the time of the detention hearing that the defendant's

wife resides in Ohio, the government has confirmed, unfortunately, that the defendant's wife was murdered some time ago. No additional information regarding any other potential surety has been proffered since the detention hearing.

Defense counsel has presented some now-dated statistical evidence on the incidence of COVID-19 infections in local detention facilities. But there is no allegation or evidence that the defendant suffers from any pre-existing conditions that render him acutely susceptible if he does become infected. To quote Ninth Circuit Judge Callahan, the defendant presents as a "generic detainee, in that he claims neither to have contracted the virus nor to suffer from any underlying health issues placing him at greater risk than anyone else in Government custody." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (Callahan, dissenting). And contrary to Alvarez's arguments, no binding authority compels his release from criminal custody pending trial.

In sum, having considered all the § 3142 factors *de novo*, this Court finds by a preponderance of evidence that the defendant's release poses a risk of flight and that there is presently no condition or combination of conditions that can be set to mitigate that risk. While the prevalence of the COVID-19 virus outbreak in detention facilities informs the balancing of relevant § 3142 release factors, that factor alone does not control the release decision.

Defendant's motion to set aside the Detention Order and for release pending trial is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 4, 2020

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge